McCormack, J.
(concurring). I concur in the majority opinion and write separately because I believe that there is a doctrinal foundation supporting the proposition that the criminal law should recognize that children are qualitatively different from adults, which is relevant to our decision in this case. Over the course of the past decade, the United States Supreme Court has acknowledged that, as in many other areas of the law, the criminal law must recognize that the unique characteristics of children render them inherently different from adults.[1] Indeed, the Supreme Court has noted that in certain circumstances, children are constitutionally different from adults.[2] Although this caselaw has in *737 volved young offenders and not young witnesses, I believe that the underlying rationale is relevant here.
In Roper v Simmons,[3] the Supreme Court held that the Eighth Amendment prohibits capital punishment for crimes committed while a defendant was under the age of 18. In Graham v Florida,[4] the Court held that juvenile offenders cannot be sentenced to life imprisonment without parole for nonhomicide offenses. In so finding, the Court stated that “developments in psychology and brain science continue to show fundamental differences between juvenile and adult minds.”[5] Most recently, in Miller v Alabama,[6] the Court held that mandatory sentences of life without the possibility of parole are unconstitutional when applied to minors. Miller noted that children are constitutionally different from adults when it comes to sentencing and stated that the social science and cognitive science studies supporting the Court’s decisions recognizing children as different from adults in Roper and Graham have only become more robust in the intervening years.[7]
Admittedly, this caselaw is limited to sentencing theory and juvenile culpability, concerns that are not implicated here. In JDB v North Carolina,[8] however, the Supreme Court extended its consideration of minors in the criminal justice system outside the context of sentencing.[9] The Court addressed the differences *738 between children and adults more generally, noting that “[a] child’s age is far more than a chronological fact. It is a fact that generates commonsense conclusions about behavior and perception. Such conclusions apply broadly to children as a class. And, they are self-evident to anyone who was a child once himself. . . .”[10] The Court further acknowledged that “children characteristically lack the capacity to exercise mature judgment and possess only an incomplete ability to understand the world around them,” and that the legal disqualifications placed on children as a class “exhibit the settled understanding that the differentiating characteristics of youth are universal.”[11]
The majority correctly holds that a child declarant may be declared unavailable as a witness if, as a result of his or her youth, the declarant’s mental distress rises to the level of a then existing mental infirmity. I agree with the majority opinion that the legal literature supports the conclusion that children are not merely “miniature adults.”[12] Four-year-old RS simply was not able to cope with the emotional trauma of testifying the *739 way an adult could, and it therefore makes sense that a trial court might find that RS had a then existing mental infirmity under MRE 804(a)(4), even if a similarly situated adult declarant might not be found unavailable under the same subrule. In my view, the Supreme Court’s acknowledgement that the criminal law must recognize that children are different from adults underscores the majority’s holding in this case.

 See, e.g., JDB v North Carolina, 564 US _, _; 131 S Ct 2394, 2404 n 6; 180 L Ed 2d 310 (2011).

 Miller v Alabama, 567 US _, _; 132 S Ct 2455, 2464; 183 L Ed 2d 407 (2012).

 Roper v Simmons, 543 US 551; 125 S Ct 1183; 161 L Ed 2d 1 (2005).

 Graham v Florida, 560 US 48; 130 S Ct 2011; 176 L Ed 2d 825 (2010).

 Id. at _; 130 S Ct at 2026.

 Miller, 567 US _; 132 S Ct 2455.

 Id. at _; 132 S Ct 2464 n 5.

 JDB, 564 US _; 131 S Ct 2394.

 See also Haley v Ohio, 332 US 596, 599; 68 S Ct 302; 92 L Ed 224 (1948) (opinion by Douglas, J.) (“That which would leave a man cold and unimpressed can overawe and overwhelm a lad in his early teens. This is *738 the period of great instability which the crisis of adolescence produces. ... [W]e cannot believe that a lad of tender years is a match for the police in such a contest.”); Gallegos v Colorado, 370 US 49, 54; 82 S Ct 1209; 8 L Ed 2d 325 (1962) (“But a 14-year-old boy, no matter how sophisticated, is unlikely to have any conception of what will confront him when he is made accessible only to the police.”); People v White, 493 Mich 187, 232; 828 NW2d 329 (2013) (Kelly, J., dissenting) (stating that “[g]iven the unique characteristics of minors, they have long been afforded a special regard in the law, subjected to unique standards in areas such as contract enforcement, the ability to marry, and even the ability to vote and to serve on juries,” and that “[i]n the custodial-interrogation context, the unique attributes of minors require courts to exercise ‘special care’ in their scrutiny of the record”).

 JDB, 564 US at _; 131 S Ct at 2403 (citations and quotation marks omitted).

 Id. at _; 131 S Ct at 2403-2404.

 Id. at _; 131 S Ct at 2397.